IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GEOFFREY COMSTOCK, § <br> Reg. No. 81487-380, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | SA-21-CV-1236-DCG <br> SA-16-CR-708-DCG-1 |

## MEMORANDUM OPINION AND ORDER

Geoffrey Comstock challenges the Court's restitution order through a motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 302.[1] Because it plainly appears from his motion and the record that he is not entitled to § 2255 relief, the Court will deny it. 28 U.S.C. foll. § 2255 Rule 4(b). The Court will additionally deny Comstock a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

Comstock is a fifty-nine-year-old prisoner serving a twenty-five-month sentence for conspiracy to commit wire fraud and aiding and abetting wire fraud. J. Crim. Case, ECF No. 186. He is currently in a residential reentry facility in San Antonio, Texas. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (search for Reg. No. 81487-380) (last visited Dec. 16, 2021). His projected release date is June 26, 2022. Id.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in SA-16-CR-708-DCG-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Comstock owned Frio Nevado, a janitorial services company. United States v. Comstock, 974 F.3d 551, 554 (5th Cir. 2020). His company contracted with the City of San Antonio, Texas, to clean the Alamodome, a 64,000-seat domed indoor multi-purpose stadium. Id. He ordered his employees to fabricate time sheets to justify his company's billings when the City initiated a compliance review. Id. at 553. His employees panicked—and one of them contacted federal authorities. Id. He was subsequently convicted by a jury on one count of conspiracy to commit wire fraud and six counts of aiding and abetting wire fraud. Id. at 554. He was sentenced to twenty-five months' confinement and ordered to pay $358,454.11 in restitution. J. Crim. Case 2, 7, ECF No. 186. His conviction and sentence were affirmed by the Fifth Circuit Court of Appeals. Comstock, 974 F.3d at 559.

Comstock now claims his counsel provided constitutionally ineffective assistance when he "failed to seek the separate hearing on [the] calculation of restitution as offered by the Court at the sentencing hearing." Mot. to Vacate 7, ECF No. 302. He asks for a "hearing to address the restitution calculation." Id.

## APPLICABLE LAW

Title 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). It identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." United States v. Seyfert, 67 F.3d 544, 546

2

(5th Cir. 1995) (citations omitted). Consequently, it does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citing United States v. Kastenbaum, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); see also 28 U.S.C. § 2255(b); United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

## ANALYSIS

Comstock challenges—through a § 2255 motion—his counsel's failure to request a hearing on the calculation of the amount of restitution ultimately ordered by the Court. Pet'r's Pet. 4, ECF No. 302. His status as a federal prisoner brings him clearly within the class of movants described in § 2255. However, his ineffective assistance of counsel claim relating to his restitution raises the question whether his claim arises under § 2255.

"The plain language of § 2255 provides only prisoners who claim a right to be released from custody." United States v. Segler, 37 F.3d 1131, 1136–37 (5th Cir. 1994). Indeed, § 2255

3

specifically provides "[a] prisoner in custody under sentence of a [federal] court claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Its "limitation on who may seek release from federal custody also implies a limitation on the claims [a prisoner] may assert to obtain a release." Id. at 1137. "[B]ecause Congress limited relief under § 2255 to persons in federal custody, . . . Congress also meant to limit the types of claims cognizable under § 2255 to claims relating to unlawful custody." Id.

"A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990). "[R]estitution, like a fine, is a matter related to sentencing that should have been raised [before the trial court or] on direct appeal." United States v. Walker, 78 F.3d 582 (5th Cir. 1996). As a result, "complaints concerning restitution may not be addressed in § 2255 proceedings." United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999)

Furthermore, under Strickland v. Washington, 466 U.S. 668 (1984), a prisoner asserting an ineffective assistance of counsel claim must show that: (1) his counsel's performance was "deficient"; and (2) counsel's deficient performance prejudiced him. Id. at 687; Spriggs v. Collins, 993 F.2d 85, 87 (5th Cir.1993). "[W]hen a prisoner asserts an ineffective assistance of counsel claim under § 2255, he must satisfy Strickland's prejudice requirement by showing harm that relates to his custody." Segler, 37 F.3d at 1137 (emphasis added). In other words, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255 only "if counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term." Id.

Comstock does not challenge his custody; he asks the Court for a hearing on a restitution order. Consequently, his claim falls outside the scope of § 2255.

## EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Comstock's claim. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Here, Comstock's motion fails because he has not identified a transgression of his constitutional rights or asserted a cognizable claim under § 2255. Accordingly, the Court finds that it should not grant Comstock a certificate of appealability. See 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## CONCLUSION AND ORDERS

The Court finds it plainly appears from Comstock's motion that his claim is not cognizable under 28 U.S.C. § 2255. Simply stated, the Court has no jurisdiction to entertain his

5

motion. The Court accordingly concludes that it should deny his § 2255 motion—and dismiss his civil cause without a hearing—because he is not entitled to § 2255 relief. The Court further concludes that Comstock is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Comstock's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 302) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Comstock is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED.**

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 17th day of December 2021.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**